```
IN THE UNITED STATES DISTRICT COURT
 FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
```

**BRANDON D. JACKSON,**

    **Plaintiff,**

v.    //    CIVIL ACTION NO. 1:15CV128
                      (Judge Keeley)

**CAROLYN VAUGHN, Individually
and as Director of Gyro
Technologies, Inc., d/b/a
Vaughn Energy Service,**

    **Defendants.**

**MEMORANDUM OPINION AND ORDER GRANTING
DEFENDANTS' PARTIAL MOTION TO DISMISS [DKT. NO. 5]**

Pending before the Court is the partial motion to dismiss (dkt. no. 5) filed by the defendants, Carolyn Vaughn ("Vaughn") and Gyro Technologies, Inc. ("Gyro"). For the following reasons, the Court **GRANTS** the motion.

**I. BACKGROUND**

The Court's recitation of the facts is taken from the complaint of the plaintiff, Brandon D. Jackson ("Jackson"). As it must at this early stage of the proceedings, the Court construes those facts in the light most favorable to the nonmoving party. See De'Ionta v. Johnson, 708 F.3d 520, 524 (4th Cir. 2013).

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' PARTIAL MOTION TO DISMISS [DKT. NO. 5]

Jackson alleges that he was recruited by Gyro Technologies[1] ("Gyro") and its director, Carolyn Vaughn ("Vaughn") (from time to time "the defendants"), from his previous employment with a company in Midland, Texas. Jackson accepted a job with Gyro and moved from Midland to Morgantown, West Virginia in May or June, 2014. At the time Gyro hired him, Jackson informed it that he suffered from Crohn's disease and may require accommodations related to his medical conditions, including missing work from time to time. The defendants assured Jackson that his medical issues would not present a problem and that they would make reasonable accommodations. According to Jackson, he "carried out his responsibilities in an exemplary fashion" during his short employment with Gyro.

Sometime in July, 2014, Jackson sought medical attention due to his Crohn's disease, and consequently missed one day of work. In addition, he informed Vaughn and Gyro that, due to the medication prescribed, he would be unable to drive a motor vehicle for several days, but otherwise would be able to perform his job duties.

Sometime later that month, while Jackson was off work, Vaughn or Gyro sent a company representative to Jackson's home to retrieve

---

[1]Gyro Technologies is conducting business as Vaughn Energy Services in Morgantown, West Virginia.

company property, including a vehicle, and to inform him that he had been terminated. When Jackson confronted the defendants about their allegedly discriminatory treatment, the defendants attempted to recant their story, stating Jackson had never been terminated. Jackson, however, asserts that the defendants did in fact terminate him rather than reasonably accommodate his Crohn's disease. Jackson claims that the defendants' actions negatively impacted his physical and psychological well-being, exacerbating the symptoms related to his Crohn's disease and causing him to incur significant medical costs.

Jackson originally filed suit against the defendants in state court in Monongalia County, West Virginia, on July 8, 2015. On August 3, 2015, the defendants removed the case to this Court. Jackson's complaint includes four causes of action: Count I asserts a Harless-based wrongful discharge claim against Vaughn and Gyro; Count II asserts discriminatory discharge in violation of the West Virginia Human Rights Act ("WVHRA"); Count III alleges a claim of intentional infliction of emotional distress ("IIED") against Vaughn and Gyro; and, finally, Count IV asserts an alternative theory of liability against Gyro under a theory of respondeat superior.

## MEMORANDUM OPINION AND ORDER GRANTING
## DEFENDANTS' PARTIAL MOTION TO DISMISS [DKT. NO. 5]

On August 10, 2015, the defendants filed a motion to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), seeking to dismiss Counts I, III, and IV. They contend that (1) the WVHRA cannot serve as the substantial public policy required under Harless; (2) Jackson has insufficiently plead his claim of IIED; and (3) he has insufficiently plead his claim that Gyro is vicariously liable for the actions of Vaughn. Jackson, notably, has not responded to the motion. The time limit for doing so has passed and the motion is ripe for review.

## II. STANDARD OF REVIEW

In reviewing the sufficiency of a complaint, a district court "'must accept as true all of the factual allegations contained in the complaint.'"  Anderson v. Sara Lee Corp., 508 F.3d 181, 188 (4th Cir. 2007) (quoting Erickson v. Pardus, 551 U.S. 89, 94 (2007)).  However, while a complaint does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than mere labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.  Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Indeed, courts "are not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v.

Allain, 478 U.S. 265, 286 (1986). In considering whether the facts alleged are sufficient, "a complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" Anderson, 508 F.3d at 188 (quoting Twombly, 550 U.S. at 547).

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). "But in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)," so long as "all facts necessary to the affirmative defense 'clearly appear[] on the face of the complaint.'" Goodman v. Praxair, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (quoting Richmond, Fredericksburg & Potomac R.R. v. Forst, 4 F.3d 244, 250 (4th Cir. 1993)).

### III. DISCUSSION

**A.    Count I - Harless Wrongful Discharge Claim**

The defendants contend that the WVHRA does not provide a basis for Jackson's Harless substantial policy claim because the WVHRA

provides its own statutory cause of action, and an inferred cause of action under <u>Harless</u> thus is unavailable.

"In West Virginia, an employment relationship of indefinite duration is 'presumed to be terminable at any time at the will of the employer or of the employee, with or without cause.'" <u>Eddy v. Biddle</u>, 2013 WL 66929, at *4 (N.D.W.Va.,2013) (quoting <u>Suter v.. Harsco Corp.</u>, 403 S.E.2d 751, 756 (W.Va.1991)). "This general rule, however, is 'tempered by the ... principle that where the employer's motivation for the discharge contravenes some substantial public policy principle, then the employer may be liable to the employee for damages occasioned by this discharge.'" <u>Id.</u> (quoting <u>Harless v. First Nat'l Bank in Fairmont</u>, 246 S.E.2d 270, 275 (W.Va. 1978)). Therefore,"a cause of action for wrongful discharge exists when an aggrieved employee can demonstrate that his/her employer acted contrary to substantial public policy in effectuating the termination." <u>Swears v. R.M. Roach & Sons, Inc.</u>, 696 S.E.2d 1, 6 (W.Va. 2010) (quoting <u>Feliciano v. 7 Eleven, Inc.</u>, 559 S.E.2d 713, 718 (W.Va. 2001)).

The proposition for which <u>Harless</u> stands is clear: When an employee is discharged in contravention of a substantial public policy, but no cause of action is provided under that policy, courts may infer a cause of action. Accordingly, a <u>Harless</u> cause of

action is superfluous when a public policy is enforceable by a statutory cause of action. See e.g. Hope v. Bd. of Dirs., 2013 U.S. Dist. LEXIS 92513, *8-9 (S.D. W. Va. July 2, 2013) ("With a clear mechanism in place to enforce this public policy, a Harless cause of action is unavailable."); Hill v. Stowers, 680 S.E. 2d 66, 76 (W. Va. 2009) ("In Harless, this Court found that a private cause of action was appropriate because there was no other mechanism available to enforce the public policy at issue."); Guevara v. K-Mart Corp., 629 F. Supp. 1189, 1192 (S.D. W. Va. Mar. 13, 1986) (noting another instance of a court implying a cause of action, stating that "[t]he Court noted in Hurley that without the implied cause of action there was an 'absence of any other method of enforcing the declared right.'").

When a statutory scheme provides a private cause of action to ensure compliance with its underlying public policy objectives, that statutory cause of action cannot be displaced by a Harless style common law tort action. See e.g. Talley v. Caplan Industries, Inc., 2007 U.S. Dist. LEXIS 13191, at *4 (S.D. W. Va. Feb. 26, 2007); Broschart v. W. Va. Dep't of Health & Human Res., 2013 WL 2301777, at *1 (W. Va. 2013) (upholding dismissal of plaintiff's Harless action when a remedy was available under West Virginia's whistle-blower law); Knox v. Wheeling-Pittsburgh Steel Corp., 899

F. Supp. 1529, 1535-36 (N.D. W. Va. May 18, 1995) ("It is a well-established principle that federal and state anti-discrimination laws, such as Title VII and the West Virginia Human Rights Act, preempt Harless-type, tort-based actions for discriminatory treatment in the workplace.").

Here, it is undisputed that the WVHRA not only establishes a substantial public policy (see W. Va. Code § 5-11-2), but also provides a private cause of action under W. Va. Code § 5-11-1, et seq. Jackson acknowledges the availability of this private cause of action under the WVHRA because Count II of his complaint is based on it; moreover, the allegations on which both Counts I and II of Jackson's complaint are premised are identical.

In sum, because the WVHRA provides such a statutory cause of action, the Court **DISMISSES** Count I of Jackson's complaint with prejudice.

**B.   Count III - Intentional Infliction of Emotional Distress**

Under West Virginia law, employees may sue their employer for IIED. See Harless, 289 S.E.2d 692, 693-94 (1982). In Travis v. Alcon Laboratories, the West Virginia Supreme Court of Appeals established the following elements of IIED:

> (1) [T]hat the defendant's conduct was atrocious, intolerable, and so extreme and outrageous as to exceed

8

>the bounds of decency; (2) that the defendant acted with the intent to inflict emotional distress, or acted recklessly when it was certain or substantially certain emotional distress would result from his conduct; (3) that the actions of the defendant caused the plaintiff to suffer emotional distress; and, (4) that the emotional distress suffered by the plaintiff was so severe that no reasonable person could be expected to endure it.

Syl. pt. 3, 504 S.E.2d 419, 421 (W.Va. 1998); see also Warner v. Boroff, 921 F.Supp.2d 513, 520-21 (N.D.W.Va. Feb. 1, 2013). IIED is a "difficult fact pattern to prove." Hines v. Hills Department Stores, Inc., 454 S.E.2d 385, 390 (W.Va. 1994).

In order to meet the first element, outrageous conduct, "courts demand 'strict proof of unprecedented and extreme misconduct.'" Warner, 921 F.Supp.2d at 521 (quoting Tanner v. Rite Aid of West Virginia, Inc., 194 W.Va. 643, 461 S.E.2d 149, 157 (1995)). "Only a few courts have held that a plaintiff's claim of outrage meets the 'extreme and outrageous' standard under West Virginia law." Id. (quoting Garrett v. Viacom, Inc., 2003 WL 22740917, *5 (N.D.W.Va. Aug. 27, 2003) (citing Miller v. SMS Schloemann-Siemag, Inc., 203 F.Supp.2d 633, 636, 640 (S.D.W.Va.2002) (plaintiff had sufficiently alleged a claim of outrage where the defendant's offer to transport her severely injured husband to a medical facility was conditioned on her promise not to treat the transport as an admission of liability for

9

his injuries). Finally, "[w]hether conduct may reasonably be considered outrageous is a legal question, and whether conduct is in fact outrageous is a question for jury determination." Warner, 921 F.Supp.2d at 521 (quoting Syl. pt. 4, Travis, 504 S.E.2d at 421).

Here, brushing broadly, Jackson alleges that the defendants' conduct was "extreme and outrageous" and done "recklessly, or with the intent of causing Plaintiff severe emotional distress." Fatally, however, his complaint is bereft of any facts supporting those allegations. The bare facts alleged in the complaint are that he was terminated rather than accommodate his Crohn's disease, that Gyro sent an employee to recover company property from him, and that the defendants tried to recant his termination. As plead, such actions are not of the type that courts have found rise to the level of outrage required under West Virginia's IIED law. Accordingly, the Court **DISMISSES** Count III of the complaint without prejudice.

**C. Count IV - Vicarious Liability of Gyro Under Respondeat Superior Theory**

As a consequence of the dismissal of Jackson's IIED claim, Gyro cannot be held vicariously liable under a theory of *respondeat superior*. The Court therefore **DISMISSES** Count IV without prejudice.

### IV. CONCLUSION

In conclusion, for the reasons discussed, the Court **DISMISSES** Count I with prejudice and Count III and IV without prejudice.

It is so **ORDERED**.

The Court directs the Clerk to transmit copies of this Memorandum Opinion and Order to counsel of record.

DATED: October 22, 2015.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE